UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wesley Edward Smith III, | ) C/A No. 8:11-2033-DCN-JDA |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| State of South Carolina, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner, Wesley Edward Smith, III, ("Petitioner"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 28 U.S.C. § 2254 for habeas corpus relief. Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the Petition, Petitioner's subsequent filings, and applicable law, the undersigned recommends that the Petition be summarily dismissed.

### *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting

1

*Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, "[e]ven though *pro se* litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'" *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

---

[1] The Rules Governing Section 2254 are also applicable to habeas actions brought under 28 U.S.C. § 2241. *See* Rule 1(b).

Petitioner submitted a document captioned "State of South Carolina v. Wesley Edward Smith III Petitioner/Defendant," titled on page one as a "Petition for review" (ECF No. 1), and titled on page two as a "Petitiner (sic) Writ of Habeas Corpus Demand for a jury trial," (ECF No. 1-1, p. 1), which has been docketed as a § 2254 habeas petition.[2]  The Petition clearly refers to § 2254, but does not clearly allege that Petitioner is currently "in custody" within the meaning of § 2254.[3]  Petitioner failed to pay the $5 habeas filing fee or submit an Application for Leave to Proceed *in forma pauperis* on a court-approved Form AO 240.  Accordingly, the Court issued a "proper form" Order and Special Interrogatories, on September 23, 2011 (ECF No. 8), directing Petitioner to pay the filing fee or submit a proper motion to proceed *in forma pauperis*, and directing Petitioner to identify the state court judgment of conviction and/or sentence that he seeks to challenge.  The Court's Special Interrogatories also asked Petitioner if he is currently in prison, on parole or

---

[2] In the caption of the "Petition for review" (ECF No. 1) and "Petitiner (sic) Writ of Habeas Corpus Demand for jury trial" (ECF No. 1-1) that he filed in this case, Wesley Edward Smith III referred to himself as "Petitioner/Defendant" and "Defendant."  In his "Affidavit Motion To Leave To Proceed In Forma Pauperis Without Prepayment Of Fees" (ECF No. 4), Mr. Smith referred to himself as "Plaintiff" and referred to the "State of South Carolina, et al" as "Defendant."  However, a careful review of the allegations and relief requested in the pleading indicated that Mr. Smith should be designated as "Petitioner" and the State of South Carolina should be designated as "Respondent" in this case.  Accordingly, in the Court's Order of September 23, 2011 (ECF No. 8), the Clerk of Court was directed to correct the caption of this case on the Court's docket to reflect the proper designation of the parties.

[3] In his initial motion for leave to proceed *in forma pauperis*, Petitioner alleges that he is under "house arrest," ECF No. 10, p. 1, or is "house detained," ECF No. 10-1, or is in "house detention 465 N. Nassau St supervised Charleston, SC 29403," ECF No. 11, p. 1. This address is listed as petitioner's home address in an attachment to his Petition. ECF No. 1-3.  Petitioner failed to provide any further information or copies of documents to clarify the nature of his alleged detention.

3

probation or supervised release, or otherwise detained/restrained, or if he is currently out on bail pending the trial or appeal of a criminal charge.[4]

On October 17, 2011, Petitioner filed a Motion for Leave to Proceed *in forma pauperis* (ECF No. 10), his Answers to the Court's Special Interrogatories (ECF No. 11), and two other documents entitled "Complaint to Leave or to Consolidate and or Amend for Summary Judgment Jury Trial Demanded" and "Petitioners Response to the Respondents Charges Under S.C. Code 16-3-651 and S.C. Code 16-13-110 (inter alia)," which have been docketed together as ECF No. 12 and designated as a motion.

---

[4] *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (holding that 28 U.S.C. § 2254 applies only to post-trial situations and affords relief only to a petitioner "in custody pursuant to the judgment of a state court"). The Fifth Circuit reasoned that, since Dickerson had not been arrested, charged, tried or convicted of any charges by Louisiana, no judgment had been rendered by a Louisiana state court that would provide a federal court with jurisdiction of his petition under section 2254(b). In *Dickerson*, the Fifth Circuit held that a habeas petition is properly filed by a pre-trial detainee under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him or her. *See United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995). The United States Supreme Court has also found "custody" sufficient to invoke the use of the writ of habeas corpus in cases where the petitioner was not actually incarcerated in certain circumstances, such as when a petitioner's freedom of movement lay within the discretion of the government, as when a petitioner is on parole, *Jones v. Cunningham*, 371 U.S. at 243 (1963), awaiting trial on bail, *Hensley v. Municipal Court*, 411 U.S. 345 (1973), or on military reserve status, *Strait v. Laird*, 406 U.S. 341 (1972). "[A] state [confinee's] label for his claim cannot be controlling . . . ." *Harvey v. Horan*, 278 F.3d 370, 378 (4th Cir. 2002). Under either § 2254 or § 2241, a petitioner must first fully exhaust his or her state remedies before filing a federal habeas petition. For a § 2254 petitioner, the exhaustion requirement is statutory, pursuant to § 2244(d). Despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that, while § 2241 establishes jurisdiction in the federal courts to consider habeas corpus petitions, a petitioner must exhaust his state remedies before filing a federal habeas petition, and federal courts should abstain from the exercise of that jurisdiction if the issues raised in a § 2241 petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner in an administrative proceeding, at trial, or on appeal. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

4

Based on a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, it appeared from the information provided in the Petition and Petitioner's Answers to the Court's Special Interrogatories (ECF No. 11) that the Petitioner is not entitled to relief under § 2254 because: (1) Petitioner is not "in custody," (2) Petitioner has not exhausted his state court remedies; and (3) Petitioner has allowed six to ten years to elapse before filing the instant Petition, which is now time-barred by § 2244(d)(1).[5] The Court's Special Interrogatories included a question (No. 10) which asked Petitioner: "If the judgment of conviction and/or sentence that you seek to challenge in this case became final over one year ago, explain why the one-year statute of limitations on 28 U.S.C. § 2254 petitions (contained in 28 U.S.C. § 2244(d)) does not bar your petition." ECF No. 11, p. 3. The question ends with a footnote that contains the relevant part of 28 U.S.C. § 2244(d), Petitioner responded to the timeliness question by stating "prosecutorial misconduct was believed the basis for action upon which an acquit or dismissal should be considered on that ground alone." *Id.*

On November 3, 2011, the Court issued an Order (ECF No. 15), directing Petitioner, for the second time, to bring the case into proper form, and further, to show cause why the case should not be recommended for summary dismissal, based on the AEDPA's one-year statute of limitations. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *see also Day v. McDonough*, 547 U.S. 198 (2006). Petitioner was ordered to submit Answers to the

---

[5] In his answers to the Court's Special Interrogatories, Petitioner alleges that he is challenging a "judgment rendered under SC Law 16-13-110 for theft in 2005 and 16-3-651 criminal misconduct 2001." ECF No. 11, p. 3. However, Petitioner failed to provide any further information or copies of documents to clarify when and where he was convicted and what sentences were imposed on him. Petitioner alleges that he did not file a direct appeal or a state or federal post-conviction relief (PCR) action. *Id.* at 2.

5

Court's Supplemental Special Interrogatories to show that he is currently "in custody" on the alleged 2001 and 2005 judgments, that he has exhausted his state remedies as to the alleged judgments, and that he is entitled to equitable tolling of the statute of limitations.[6] Again, Petitioner was specifically warned that, unless Petitioner provides facts concerning the issues of his current custody and the timeliness of his petition which would be conclusive factors in preventing dismissal based on thelack of custody and the limitations bar, this case will be recommended for summary dismissal.

On November 28, 2011, Petitioner filed his Answers to the Court's Supplemental Special Interrogatories (ECF No. 19). A careful review of Petitioner's filing again indicates that Petitioner is not "in custody" under § 2254 and that, even if he were in custody, his Petition is untimely under § 2244(d)(1). On December 5, 2011, Petitioner filed a document entitled "Petitioner's Emergency Motion for Order to show cause and to prevent Spoliation of evidence and Notice to Limine to exclude Evidence" (ECF No. 21), which has been docketed as a motion.

In his Answers to the Court's Supplemental Special Interrogatories and his "Motion for Order to show cause," Petitioner alleges that he is challenging two cases, which he identifies by reference to S.C. Code §§ 16-3-651 and 16-13-10, and alleges "w[ere] later docketed in the federal court Case No. 2:06-cv-02177-DCN" and "2:06-cv-0040-RSC-DCN." *See* ECF No. 21, p. 1-3. The undersigned takes judicial notice that, in *Smith v. Pepsi*

---

[6] Petitioner's initial explanation does not meet the criteria for equitable tolling. A "petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549 (2010) quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003).

6

*Bottling Group, et al.*, C/A No. 2:06-00040-DCN-RSC (D.S.C.), Petitioner, proceeding *pro se* and *in forma pauperis*, brought employment law, race discrimination, breach of contract, Uniform Services Employment and Reemployment Rights Act ("USERRA"), and Employee Retirement Income Security Act ("ERISA") claims against his former employer, alleging that he was terminated because of racial discrimination. In that case, Petitioner alleged that, as a warehouse manager, he was wrongly accused of improper disposition of inventory and discharged when, in fact, other employees were stealing inventory and money from the company. In that case, the defendant's motion for summary judgment was granted, dismissing Petitioner's claims, and granting defendant's counterclaim for conversion. This Court's judgment was affirmed by the Fourth Circuit Court of Appeals, in May 2008.[7] In *Smith v. Charleston County School District*, C/A No. 2:06-2177-DCN-RSC (D.S.C.), Petitioner, again proceeding *pro se* and *in forma pauperis*, sued the Charleston County School District after his teaching job at a military magnet school was terminated, in November 2001, based on an accusation of an inappropriate relationship with a female student. Petitioner's employment discrimination claims were summarily dismissed, without prejudice, because Petitioner was pursuing a lawsuit in state court at the time and because Petitioner had failed to exhaust the administrative procedures set forth in 42 U.S.C. § 2000e-5(b). This Court's judgment was affirmed by the Fourth Circuit, in January 2007. Petitioner's motion for reconsideration, filed in April 2008, was denied in May 2008 and

---

[7] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records'"). Petitioner subsequently brought a § 1983 civil rights action against Pepsi Bottling Group and numerous individuals associated with the company, in *Smith v. Pepsi Bottling Group, et al.*, 2:08-2281-DCN (D.S.C.). The case was summarily dismissed in August 2008. The dismissal was affirmed on appeal by the Fourth Circuit in December 2008.

7

again, in June 2008, after Petitioner submitted additional filings. Petitioner appealed the Court's denial of his motion for reconsideration. The Fourth Circuit affirmed the denial, in August 2008, and denied Petitioner's motion for rehearing, in October 2008.

Later, in C/A Nos. 10-401, 10-402, and 10-403, all of which Petitioner entitled *State of South Carolina v. Wesley Edward Smith III*, Petitioner filed virtually identical complaints in this Court, seeking monetary damages from the State of South Carolina, alleging that the state judicial process had resulted in the loss of his teaching job and the loss of his home through a civil foreclosure, after he was charged with a crime. Those three cases were summarily dismissed, without prejudice, based on the State of South Carolina's Eleventh Amendment immunity and the *Rooker-Feldman* doctrine.

> In the instant Petition, Petitioner alleges that he:
>
> believes that he was arbitrarily targeted and used as a scapegoat, while at work and was subjected to the policies and procedures, thereto pertaining to rules, procedures, and policies of CCSD. . . . There are procedures governing the admissibility of evidence, and other procedural correct guidelines, such as discoverable evidence or to call expert witness to testify (DNA) and determine the course of a criminal hearing and at trial. Under 28 USC 2254 the petitioner is seeking relief of the criminal trial at the federal Jurisdiction level (as relevant), to contest the respondent adherence to the requirements of the rules of evidence.

ECF No. 1-1, p. 3. Petitioner also alleges:

> Now, under these circumstances, unless the State has obtained some newly piece of information relating to my involvement of the matter in question, then I find it highly prejudicial even constitutionally offensive to keep me detained without being afforded a formal hearing for bail, bond or total release based on the lack admissible evidence relating to said action to support the initiation of the States internal process.

ECF No. 1-1, p. 4. The "Petition for review" also alleges that Petitioner:

> takes and enters an appeal to the United States District Court Columbia, South Carolina, to review the final order of Judgment and Sentence entered

8

> at hearing on 5 March 2010, the Honorable Robert S Carr presided. Pursuant to the authority provided under title 28 USC 2254 moves for review for the allege Constitutional violation of the petitioner guaranteed rights under the 14th Amendment, of which he does not believe that his due process was afforded to be treated procedurally fair. Also serves as notice for the change of Venue seeking equitable or appropriate relief under 28 USC 1331.

ECF No. 1. Petitioner's complaints in C/A Nos. 10-401, 10-402, and 10-403, were recommended for dismissal in Magistrate Judge Carr's report and recommendation issued on March 5, 2010. Chief Judge Norton's Orders affirming the report and recommendations and dismissing the cases were entered on March 29, 2010. To the extent that Petitioner's Petition attempts to appeal the Court's final decisions in those cases, Petitioner cannot do so. Under Fed. R. App. P. 4(a), notices of appeal of the Court's final judgments in those cases should have been filed within thirty (30) days after their entry. Under Fed. R. Civ. P. 60(b)(1), (2), or (3), motions for relief from a judgment or order must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."

On the first page of his "Petitiner (sic) Writ of Habeas Corpus Demand for a jury trial," is a section labeled as "Question Presented," which reads as follows:

1. Did the trial court judge err in directing, the Charleston Court of Common Pleas Clerk of Court not to accept any further pleading or applications for Post Conviction Relief (PCR) from petitioner Wesley Edward Smith III unless he pays the $25 filing fee generally required for the filing of a summons and complaint?

2. Did the statute of limitation cause the State Trial Court Judge to err in his judgment, dismissing a protected class citizen of his cross claims of federally protected rights by law, with prejudice allowing the state and its actors to disembarked in the substantive rules process as administratively interpreted by the agency responsible to regulations procedural rules that guide agency organization and operation that the agency was authorized to enact to assist Courts in governing a society?

3. Does this premature dismissal with prejudice, allows the respondents to disseverment of any Counterclaims to be raised by the petitioner

>such as the language for criminal offenses under section 18 USC 241 as being a harmful activities involving citizen fundamental legal rights being called into question as defined?

ECF No. 1-1, p. 1.  To the extent that Petitioner attempts to appeal a final judgment of the Charleston County Common Pleas Court, Petitioner cannot do so in this federal district court.  Appeals of state court decisions must be pursued through the state appellate courts and then directly to the United States Supreme Court.  Under 28 U.S.C. § 1257, the United States Supreme Court is the only federal court with general statutory jurisdiction to review state-court judgments.  Under provisions conferring jurisdiction on federal district courts, such as 28 U.S.C. §§ 1331, 1332, and 1334, this court's jurisdiction is original, not appellate, and no statute conferring appellate jurisdiction on federal courts of appeals provides for review of state-court decisions.  To the extent that Petitioner attempts to challenge state court rules of procedure and a state statute of limitation, "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted).  Thus, even when a petitioner has exhausted his or her state claims, they are not cognizable on federal habeas review.

In response to the Court's supplemental special interrogatories requesting that Petitioner identify the agency that is detaining him and the person who is supervising his home detention (and submit a copy of the judgment, conviction, and sentence that imposed such detention on him and committed him to such agency's custody), Petitioner alleges the following:

> After the private State proceeding petitioner was detained and interrogated. The petitioner was not considered a flight risk and released on his Personal recognizance (herein refer to PR) considering what or who maybe a flight risk, the PR are sometimes not authorized after investigations or a released on bail.  Upon completion of the internal private investigation and the preliminary hearings a examination should be done to established whether sufficient evidence existed against the petitioner, Wesley Edward Smith III whether to continue the justice process.  The petitioner further objectively opposes to the affirmation of the state charges because at the hearing the judge would have sought to determine whether there is probable cause to believe that (1) a crime has been committed and (2) the defendant committed it.  That decision should have been a judicial one, but this action only afforded the prosecutor in each of the separate actions to test the strength of his or her evidence at his or her disposal.  When the prosecutions presented it evidence in 2001 and then the other prosecutor in 2005, this would have allowed a defense counsel the chance to assess the strength of the prosecutor's case. All defendants, including those who are indigent, have aright to be presented by counsel at the preliminary hearing.  The petitioner objectivity of this denial is supported by his constitutional right afforded by law.  The petitioner was not read his Miranda rights and subsequently, the cause and effect of the state action resulted in the petitioner being terminated from his place of employment and subjected to the credit worthiness, collateral attack of home and vehicle believe taken against flee as part on the released on bond."

ECF No. 19, p. 4-5.

In response to the Court's interrogatory requesting that Petitioner explain why he did not file a habeas petition within one year of his alleged convictions and sentences in 2001 and 2005, Petitioner alleges, in his emergency motion, that:

> this action was initiated after exhausting all known an possible means to have this case reviewed and process for the perceived constitutional violations and finally be barred in the State Court per the enacted Statute of Limitations and sanctions enjoining Wesley Edward Smith III was placed against the Petitioner

ECF No. 21, p. 1.  Petitioner further alleges:

> The petitioner did not file this petition within one year of my convictions and sentencing in 2001 and 2005 because pursuant to rule 203 the petitioner was not served any court notices of his right to appeal or waivers as a result of filing a response involving a judicial procedure.  The petitioner believes that

> the state or its delegated opposing counsel has a legal responsibility and duty to serve notices to all opposing parties involved in such judicial proceedings for which they are individually or collectively liable. The petitioner believes that based on the cause and effect of the state actions, prosecutorial misconduct and failed to provide legal notices as required by law are ground suitable for cause or as to be determined by the adjudicator.

ECF No. 19, p. 7.[8]  Finally, Petitioner summarizes the basis for this habeas action as follows:

> The petitioner objectively opposes to the state charges place against and loss of employment that resulted on unsubstantiated evidence. Wesley Edward Smith III was named as the sole accomplish in the action from which the organizations single handily and unfairly targeted the petitioner as clearly affirmed on the business letterhead of the companies acting under the umbrella of the state as the represented corporations and or prosecutorial actors. There is no claim from the said parties, as to having legal standing, no claim upon which relief should have been granted nor a compelling personal interest that would drawn such attention in this matter. There are believed to were separate discriminatory and retaliatory adverse action taken against the Petitioner, first because the respondent owes the petitioner money he asked for and secondly, believed based on the fact that the petitioner opposed to unlawful conduct from employment actions which he the aggrieved had a appellant right to an administrative review. I believe a order to test the legal sufficiency of the respondents actions. Therefore, based on the supporting rules of evidence beyond a reasonable doubt and show cause with conclusion with supporting law arguments the Petitioner motion should be respectfully be granted and right to fair trial in the action of the Criminal proceeding be redress or reconsidered.

ECF No. 21, p. 5-6.

## DISCUSSION

This § 2254 Petition is subject to summary dismissal because it plainly appears from the Petition, attached exhibits, and Petitioner's responses to the Court's interrogatories and supplemental interrogatories, that Petitioner is not entitled to relief in this Court. Petitioner

---

[8] *See Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (noting that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling").

is not "in custody pursuant to the judgment of a State court" within the meaning of § 2254(a), and the Court lacks jurisdiction to hear his habeas petition. In his Answers to the Court's Supplemental Special Interrogatories (ECF No. 19) and his "Emergency Motion for Order to show cause and to prevent Spoliation of evidence and Notice to Limine to exclude Evidence" (ECF No. 21), Petitioner appears to assert that he is seeking habeas review of: (1) the two civil judgments entered against him in this Court in the aforementioned cases,[9] (2) other unspecified civil judgments entered against him in litigation in South Carolina state court, and (3) various management meetings, employment review hearings, and administrative proceedings that led to the termination of Petitioner's employment with the Pepsi Bottling Group and the Charleston County School District. Petitioner appears to equate the underlying accusations of theft (or shoplifting as codified in S.C. Code 16-13-110) and inappropriate conduct with a female student (or criminal sexual conduct as codified in S.C. Code 16-3-651), which led to the loss of his employment and the subsequent civil litigation in which he did not prevail, with some type of criminal judgment of conviction or civil detention order that is subject to challenge by a petition for writ of habeas corpus. In Petitioner's "Motion complaint to leave or to consolidate and or amend for summary judgment" (ECF No. 12), Petitioner files his "Response to the Respondents

---

[9] These are not convictions and sentences. Even if they were, a federal prisoner in custody under sentence of a federal court is required to challenge his or her conviction and sentence through a motion filed in the sentencing court pursuant to 28 U.S.C. § 2255. Section 2255 is the exclusive procedural mechanism for a federal prisoner to seek relief, unless it is shown that § 2255 "is inadequate or ineffective to test the legality of his detention," in which case a habeas petition may be filed pursuant to 28 U.S.C. § 2241. Since the enactment of § 2255 in 1948, § 2241 has also remained available for a federal or state prisoner to challenge the execution of his or her sentence, not the underlying validity of the conviction and sentence. Petitioner is not "in custody under the sentence" of this Court within the meaning of § 2255.

Charges Under S.C. Code 16-3-651 and S.C. Code 16-13-110 (inter alia)," and alleges that he:

> responds to the respondent charges made against Wesley Edward Smith III pursuant the statutory provisions and court rules requiring the same, to dismiss all claims previous supported by the respondents on the grounds of prosecutorial misconduct. The petitioner moves to dismiss the totality of the State actions premised on its failure to prosecute the actions as timely required and as required beyond a reasonable doubt by law. The petitioner has a legal right to be notified to appeal from conviction involving all judicial proceedings made against him.

ECF No. 12-1. While Petitioner refers to the two criminal law statutes, and uses terms such as state actors, prosecutors, convictions, and sentences, Petitioner has not provided the Court with any factual allegations, documents, or court records - despite being twice directed to do so by the Court - showing that Petitioner has been subjected to a state criminal conviction, an adjudication of civil detention, or other proceeding resulting in his unlawful detention, under which a habeas petition is cognizable pursuant to § 2254. Moreover, if Petitioner could make such a showing - which he cannot - he has still failed to show that he has properly exhausted his state court remedies as required by § 2244(d).

If the Petition is liberally construed as an attempt to allege grounds for habeas relief under 28 U.S.C. § 2241, the undersigned finds that this Court still lacks jurisdiction to entertain it. Even if the Petition were to be recharacterized as a § 2241 petition,[10] Petitioner's circumstances do not satisfy the jurisdictional requirement that Petitioner be "in custody in violation of the Constitution or laws or treaties of the United States." *See* §

---

[10] *See e.g. Gaster v. South Carolina Dept. Corrections*, 67 Fed. Appx. 821 at *1, n.* (4th Cir. 2003) (noting that "Although Gaster originally filed the petition under 28 U.S.C. § 2254, because he challenged the constitutionality of a state civil commitment, [it was] properly characterized it as a petition under 28 U.S.C. § 2241.")

14

2241(c).  While Petitioner uses such terms as personal recognizance and preliminary hearing, and moves "to dismiss the totality of the State actions premised on its failure to prosecute the actions as timely required," Petitioner is not a pre-trial detainee.  Petitioner has not provided the Court with any factual allegations, documents, or court records - despite being twice directed to do so by the Court - showing that Petitioner is "in custody" within the meaning of § 2241(c).  Petitioner is not incarcerated, nor is he subjected to any other form of restraint and rules not shared by the general public.[11]

Petitioner's loss of his employment and the financial ramifications that he alleges were caused by civil judgments in this Court and in state court do not confer habeas jurisdiction in this case.  *See e.g. Lefkowitz v. Fair*, 816 F.2d 17, (1st Cir. 1987) (revocation of a medical license as a result of a rape conviction is not the type of grave restraint on liberty or sort of ongoing governmental supervision that is needed to constitute "custody"); *Ginsberg v. Abrams*, 702 F.2d 48 (2nd Cir. 1983) (petitioner's removal from bench of the family court, revocation of his license to practice law, and his disqualification from being

---

[11] *See Jones v. Cunningham*, 371 U.S. 236, 240 (1963).  While the Petition and subsequent filings make no mention of it, and it appears to be completely unrelated in any way to the instant case, the undersigned takes judicial notice of the online records of the Charleston County Common Pleas and General Sessions Court, which indicate that, on September 14, 2011, in the City of Charleston Municipal Court, Petitioner was found guilty of the traffic offense of improper lane change and sentenced to pay a fine of $85.  Petitioner filed an appeal of this conviction, which is currently pending in Charleston County Common Pleas Court, in Case No. 2011-CP-10-7206.  *See* http://jcmsweb.charlestoncounty.org/publicindex/PISearch.aspx (last visited Dec. 20, 2011).  Habeas corpus cannot be used to challenge a conviction that resulted only in a cash fine against the defendant.  *See Wright v. Bailey*, 544 F.2d 737 (4th Cir. 1976), cert. denied, 434 U.S. 825 (1977).; *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009) ("'[T]he payment of restitution or a fine, absent more, is not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes.'").

licensed as a real estate broker or insurance agent did not so greatly limit his economic mobility as to constitution "custody" for purposes of habeas corpus); *Harvey v. South Dakota*, 526 F.2d 840 (8th Cir. 1975), cert. denied 426 U.S. 911 (1976) (inability to pursue certain professions or to possess firearms and the status of recidivist if another crime is committed do not add up to "custody"); *Furey v. Hyland*, 395 F. Supp. 1356 (D.N.J. 1975) affirmed 532 F.2d 746 (3d Cir. 1976) (potential loss of a medical license, damage to reputation, and the inability to resume public office are not "custody" in the absence if recognized restraints on liberty).

As noted above in footnote 4, "custody" sufficient to invoke habeas corpus jurisdiction has been found in cases where the petitioner is not incarcerated, for example, where the petitioner was on parole, awaiting trial on bail, on military reserve status, on bond after conviction and pending execution of sentence, and involuntarily civilly committed for mental evaluation/treatment.[12] The United States Supreme Court has held that "[t]he custody requirement of the habeas corpus statute makes the writ of habeas corpus a remedy only for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Despite court decisions which have broadened the concept of "custody" from its earlier, narrower construction as "incarceration," it has not lost all meaning.

> Some form of at least potential physical restraint must be present. Neither economic duress nor psychological restraint is enough. . . . [H]abeas corpus cannot be used to challenge a conviction that resulted only in a cash fine against the defendant. Collateral consequences can save a petition from mootness if the petitioner has been released from custody after the petition was filed, but collateral consequences will not suffice as a basis for

---

[12] *See Miller v. Blalock*, 356 F.2d 273 (4th Cir. 1966).

> jurisdiction in the absence of some form of custody as that term is now understood.

17B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, Catherine T. Struve & Vikram David Amar, *Federal Practice and Procedure* § 4262 (3d ed. 1998).

Under § 2241, even if a federal habeas petitioner satisfies the "in custody" requirement, relief is available only if the petitioner has shown that he or she has exhausted state court remedies to challenge the judgment of conviction, or that special circumstances exist which justify intervention by the federal court prior to a judgment of conviction by a state court.[13] As previously noted, Petitioner cannot show that here.

In *In re Matheisel*, 289 F.2d 824 (1st Cir. 1961), the petitioner:

> allege[d] at the outset of his application addressed to the court below for habeas corpus that he [wa]s being imprisoned and restrained of his liberty by the President of the United States and others, some named and some not, at 93 Park Street, Northfield, New Hampshire, which his letterheads seem[ed] to indicate to be either his home or his place of business. However, other allegations in the application, even though jumbled, confused and confusing, show[ed] beyond any doubt that the restraints he complain[ed] of [we]re not physical but only that he [wa]s prevented from serving as an officer in the United States Army and that by a conspiracy between certain named army officers and others not named, he [wa]s being prevented from gaining profitable employment as a professional engineer by government contractors.

*Matheisel*, 289 F.2d at 824. The First Circuit held that, "it being perfectly obvious that the applicant is not being held in any physical restraint by anyone but only that he is being subjected to some vaguely defined discrimination or to some sort of economic duress, it is clear that he has no remedy by way of habeas corpus." *Id.*, citing *Wales v. Whitney*, 114 U.S. 564 (1885) and *Stallings v. Splain*, 253 U.S. 339 (1920).

---

[13] *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241).

It being perfectly obvious that Petitioner is not "in custody," the instant Petition should be summarily dismissed, with prejudice, because the Court lacks jurisdiction to entertain it under either § 2254 or § 2241.

### RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be summarily dismissed, *with prejudice*, and without issuance and service of process upon Respondent.  *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

It is further recommended that Petitioner's "Motion complaint to leave or to consolidate and or amend for summary judgment" (ECF No. 12) and "Motion for Order to Show Cause and to prevent spoliation of evidence and Notice to Limine to exclude evidence" (ECF No. 21) be denied.

Petitioner's attention is directed to the important notice on the next page.

December 22   , 2011  
Greenville, South Carolina

s/Jacquelyn D. Austin  
Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>300 East Washington Street, Room 239
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).